UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:23-cr-20-2 |
| vs. | |
| JAMEL WILLIAMS, | District Judge Michael J. Newman |
| | Magistrate Judge Caroline H. Gentry |
| Defendant. | |

**ORDER: (1) DENYING DEFENDANT'S MOTION TO RECONSIDER (Doc. No. 55); (2) AFFIRMING U.S. MAGISTRATE JUDGE GENTRY'S ORDER REVOKING DEFENDANT'S BOND (Doc. No. 51); AND (3) AFFIRMING JUDGE GENTRY'S DETENTION ORDER (Doc. No. 51), WHICH REMAINS IN FULL EFFECT**

This felony criminal case[1] is before the Court upon Defendant Jamel Williams's ("Defendant") motion to reconsider, pursuant to 18 U.S.C. § 3145(b) (Doc. No. 55), the Order issued by U.S. Magistrate Judge Caroline H. Gentry's revoking his bond and requiring his detention (Doc. No. 51). Defendant points out that although he has been indicted on new charges by a grand jury in state court, he is presumed innocent of those charges. Doc. No. 55 at PageID 128. He maintains he is not a violent person and not a threat to the community. *Id*. at 127. He asserts that he does not present a risk of flight and has close ties to this community, as shown by the fact that he cares for his children who reside with him in this area (before his present detention),

---

[1] Defendant has been indicted on two drug-conspiracy charges—one of which alleges he conspired to possess with intent to distribute 400 grams or more of fentanyl and 500 grams or more of cocaine within 1,000 feet of a public elementary school, in violation of 21 U.S.C. § 841. Doc. No. 5 at PageID 9-10. Defendant's indictment also charges him with two firearm offenses, in violation of 18 U.S.C. § 924(c). *Id*. at PageID 11.

and he has lived here all his life. *Id*. Defendant submits copies of five letters by various individuals advocating in detail on his behalf. *Id*. at PageID 129-35.

## I.

Following Defendant's arrest and detention hearing, Judge Gentry denied the Government's motion to detain him and ordered his release on bond with conditions. Doc. No. 29. Those conditions include, in part, "(1) The defendant must not violate any federal, state, or local law while on release," and (2) "The defendant must . . . not possess a firearm, destructive device, or other dangerous weapons." *Id*. at PageID 67. Approximately 11 motions later, in November 2023, Judge Gentry issued a warrant for Defendant's arrest based on probable cause to believe he had violated his bond conditions. Doc. No. 47 at PageID 104. Specifically, Defendant had been indicted by a grand jury in state court for three violations of state law: (1) having weapons under disability, (2) carrying a concealed weapon, and (3) improper handling of firearms in a motor vehicle. Doc. No. 51 at PageID 116-17.

On November 14, 2023, Judge Gentry held a bond violation hearing, during which Defendant was represented by counsel. After the hearing, Judge Gentry issued an Order revoking Defendant's bond. Doc. No. 51. He is currently in the custody of the U.S. Marshals Service at the Butler County Jail. This case is set for trial on February 20, 2024. Doc. No. 53.

## II.

A defendant may move to revoke or amend a detention order under 18 U.S.C. § 3145(b). *United States v. Hughes*, ---F.Supp. 3d---, No. 3:22-cr-124-1, 2023 WL 2849036, at *2 (S.D. Ohio, Apr. 10, 2023). Review under § 3145(b) is *de novo*. *Id*. A hearing on a § 3145(b) motion is not required. *Id*. (citing *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May

2

9, 2000); *United States v. Williams*, No. 2:20-cr-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020)).

The law applicable to the present *de novo* review of Judge Gentry's Order Detention Order is set forth in *Hughes*, No. 3:22-cr-124-1, 2023 WL 2849036, at **2-3, and is incorporated herein by reference. Applying this law, including the factors set forth in 18 U.S.C. § 3142(g) and conducting the appropriate *de novo* review, the Court has carefully considered Defendant's motion and attached letters, Judge Gentry's Detention Order, and the entire record. The Court agrees with Judge Gentry's cogent analysis (Doc. No. 51 at PageID 117-19) and finds (1) there are no conditions (or combination of conditions) of release that would reasonably assure community safety; and (2) Defendant is unlikely to abide by any conditions (or combination of conditions) of release.

Accordingly, Defendant's motion is **DENIED**. Judge Gentry's Order Revoking Defendant's Bond is affirmed, and Judge Gentry's Detention Order is affirmed and remains in full effect.

**IT IS SO ORDERED.**

February 12, 2024              s/Michael J. Newman
                               Hon. Michael J. Newman
                               United States District Judge

cc: U.S. Marshals Service
    Dayton, Ohio

    U.S. Probation and Pretrial Services
    Dayton, Ohio