UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMEL WILLIAMS,

    Defendant.

Case No. 3:23-cr-20-2

District Judge Michael J. Newman

---

**ORDER: (1) DENYING DEFENDANT JAMEL WILLIAMS'S
MOTION TO DISMISS (Doc. No. 68); AND (2) DENYING AS MOOT THE
GOVERNMENT'S MOTION FOR A STATUS CONFERENCE (Doc. No. 69)**

---

    This felony criminal case is before the Court on Defendant Jamel Williams's motion to dismiss—filed by his counsel—due to alleged violations of his rights under the Speedy Trial Act and the Sixth Amendment to the Constitution.  Doc. No. 68.  Defendant Williams contends that the amount of time that passed without trial between his initial appearance and the date he filed his motion to dismiss is well beyond the 70-day time period permitted by the Speedy Trial Act.  Doc. No. 68 at PageID 326.

    In response, the Government notes that Defendants' two motions to suppress[1] are pending and the time during which a motion is pending is excluded from the Speedy Trial Act calculation.[2]  Doc. No. 69 at PageID 328-29.

---

[1] Defendant Williams and his co-Defendant Robert Holmes have each filed a motion to suppress.  Doc. Nos. 56, 58.
[2] The Government's motion for a status conference to schedule a hearing on Defendants' motions to suppress (Doc. No. 69 at PageID 329) has become moot by the Court's Order setting a hearing on the motions to suppress for November 19, 2024 at 10:00 a.m.  Consequently, the Government's motion for a status conference is **DENIED**.

## I.

"The Speedy Trial Act provides that in any case in which a plea of not guilty is entered, the trial shall commence within seventy days from the later of (1) the filing date of the information or indictment or (2) the defendant's initial appearance before a judicial officer (*i.e.,* the arraignment). The Act goes on to list a set of exclusions from the 70-day period, including delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011) (cleaned up).

In the present case, the 70-day Speedy Trial limit has not expired due to motions previously filed by one or both Defendants, including a motion for discovery (Doc. No. 22); a motion to travel (Doc. No. 35); joint motions for continuance of trial, which the Court granted based on ends-of-justice findings pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i); and each Defendant's motion to suppress. *See* Doc. Nos. 41, 46, 50, 53, 56, 58; *see also* 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion, from the date of filing through the conclusion of the hearing, or other prompt disposition of, such motion" is excluded when computing time within which trial must commence). Indeed, "'all time that is consumed in placing the trial court in a position to dispose of a motion' is excluded, including 'the time following the motion up to and including the day of the hearing on the motion.'" *United States v. Crawford*, 982 F.2d 199 at 203 (6th Cir. 1993) (quoting *Henderson v. United States,* 476 U.S. 321, 323 (1986)). Further, the remaining time on the Speedy Trial clock will not begin to run until after the Court holds the hearing on Defendants' motions to suppress, the parties complete their post-hearing briefing, and a thirty-day period lapses during which the motions are "actually under advisement[.]" *See* 18 U.S.C. § 3161(h)(1)(H)

2

(excluding from Speedy Trial Act calculation "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"); *cf. Henderson*, 476 U.S. at 329-30 ("a motion [is] 'under advisement' . . . from the time the court receives all the papers it reasonably expects"). Consequently, Defendant Williams's rights under the Speedy Trial Act have not been violated.

## II.

Defendant Williams also contends that the amount of time he has awaited trial violates his Sixth Amendment right to a speedy trial.[3] Doc. No. 68 at PageID 326. Yet, other than referring to the total number of days that have gone by between the date of his initial appearance and the date he filed his motion to dismiss, he has not offered developed argumentation in support of his conclusory Sixth Amendment claim. *See id*. at PageID 325-26. As a result, the Court declines to reach the merits of this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" (citation omitted)).

## III.

Based on the foregoing, the Court **DENIES** Defendant Williams's motion to dismiss.

**IT IS SO ORDERED.**

November 4, 2024                             s/*Michael J. Newman*
                                             Hon. Michael J. Newman
                                             United States District Judge

---

[3] The Sixth Amendment provides in part, "In all criminal proceedings, the accused shall enjoy the right to a speedy … trial." U.S. Const. art. VI.

3