UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMEL WILLIAMS,

    Defendant.

Case No. 3:23-cr-20-2

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER DENYING DEFENDANT JAMEL WILLIAMS'S MOTION TO SUPPRESS**
**(Doc. No. 56)**

---

Now before the Court is Defendant Jamel Williams's motion to suppress evidence (Doc. No. 56), filed with the assistance of counsel. The Government has filed a memorandum in opposition (Doc. No. 61), to which Defendant has submitted a reply (Doc. No. 63). The Court has carefully reviewed and considered each document. The parties, through counsel, presented oral argument on the motion on November 19, 2024. Accordingly, the motion is ripe for review.

**I.**

In the motion to suppress, Defendant contends that the affidavits were insufficient to demonstrate probable cause to support the issuance of the search warrants for 511 South Light Street, Springfield, Ohio 45505 and 101 South Freeman Street, Springfield, Ohio 45505. Doc. No. 56 at PageID 136-39. Defendant also argues the search warrant and subsequent search of the 101 South Freeman Street location was the fruit of the alleged unlawful search of the 511 South Light Street location and, consequently, the contents seized therein must be suppressed. *Id.* at PageID 139-40.

## II.

This Court has previously set forth the legal standards for resolving a motion to suppress and incorporates those standards herein. *See United States v. Piner*, No. 3:21-CR-89, 2022 WL 622133, at ** 2–3 (S.D. Ohio Mar. 3, 2022). It suffices to briefly say the Fourth Amendment forbids "unreasonable searches and seizures" and provides, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. art. IV. "[P]robable cause exists when an affidavit shows a 'fair probability' that criminal evidence will be found in the place to be searched." *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021). "Great deference" extends to the issuing judge's probable cause determination. *Id.* The required analysis considers "the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome." *Id.* (citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)). *Accord United States v. Christian*, 925 F.3d 305, 311-12 (6th Cir. 2019) (*en banc*) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (clarifying the district court must employ "great deference" when considering the issuing judge's probable cause determination and should "overturn that decision only if the [issuing judge] arbitrarily exercised [the judge's] authority.")).

## III.

Having carefully and thoroughly reviewed the motion papers, the affidavits and warrants at issue, and the parties' arguments, the Court finds the motion lacks merit. The affidavits set forth ample indicia of probable cause; are sufficiently particular as to the items to be searched; demonstrate the required "probable cause nexus," *see United States v. Sanders*, 106 F.4th 455, 460-61 (6th Cir. 2024) (*en banc*), and are neither vague nor conclusory. *See id.* at 462 (citing *D.C.*

*v. Wesby*, 583 U.S. 48, 57 (2018), and noting that "probable cause is not a 'high bar'"). Contrary to the suggestion of Defendant's counsel, these are not "bare bones" warrants that might merit striking. *Cf. United States v. Peterson*, No. 23-1413, 2024 WL 4616079, at * 3 (6th Cir. Oct. 30, 2024). Moreover, even if the Court were to now find the warrants lacking—which it does not—the officers relied in good faith on the two search warrants at issue and the good faith exception would apply. *See United States v. Leon*, 468 U.S. 897, 922-24 (1984).

## IV.

Defendant's motion, therefore, is **DENIED.**

**IT IS SO ORDERED.**

December 19, 2024                                         s/*Michael J. Newman*
                                                          Hon. Michael J. Newman
                                                          United States District Judge